IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01119-MSK-KLM

TONY'S TAPS, LLC, d/b/a PAGOSA BREWING COMPANY, INC.,

    Plaintiff,

v.

PS ENTERPRISES, INC., d/b/a PAGOSA PUB WORKS BREWPUB,

    Defendant.

## PROTECTIVE ORDER

1. Based on the Stipulation of the Parties, the Court hereby ENTERS the following Protective Order:

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom containing proprietary information and not intended to be made available to the public by one or more of the Parties - and designated by one of the Parties in the manner provided in paragraph 3 below.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in the course of litigation during the instant case, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

1

b.  By imprinting the word "Confidential" next to or above any response to a discovery request; and

c.  With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony, or by giving oral notice to opposing counsel, contemporaneous with the testimony and on the record, designating such portions as "Confidential" or similar words intended to convey restricted dissemination of such information.

4. All Confidential Information provided by a Party in response to a discovery request or as part of transcribed testimony shall be subject to the following restrictions:

a.  It shall be used only for the purpose of this litigation and not for any business or any other purpose whatsoever;

b.  It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed (except for the Court and court personnel, including court reporters).

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall

maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may, upon court order or agreement of the parties, inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above. Nothing herein shall prevent copies of confidential information from being provided and maintained pursuant to this Order by the Parties and experts.

10. If opposing counsel objects to the designation of certain information as Confidential Information as defined above, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by

the Court on the motion.

11. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be designated as "Confidential."

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product made in connection with the instant cases referencing Confidential Information has been destroyed.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(b & c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

## EXHIBIT A

## AFFIDAVIT

STATE OF COLORADO    )
                     )  ss.
COUNTY OF _____  )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *, a copy of which is attached to this Affidavit.

2. I have been informed by *, Esq., counsel for *, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation. I will return all Confidential Information to the above counsel upon request.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:
_____

_____

Telephone No.: (___)_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 20__, by _____.

WITNESS my hand and official seal.

_____
Notary Public

[S E A L]

My Commission Expires: _____

DATED this 11TH day of August 2008.

BY THE COURT:   _____
                United States Magistrate Judge