IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01119-MSK-KLM

TONY'S TAP, LLC, d/b/a PAGOSA BREWING COMPANY, INC.,

    Plaintiff/Counterclaim Defendant,

v.

PS ENTERPRISES, INC., d/b/a PAGOSA PUB WORKS BREWPUB,

    Defendant/Counterclaimant,

v.

RICHARD ANTHONY SIMMONS, a/k/a TONY SIMMONS,

    Third-Party Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant's Motion for Protective Order and to Quash Subpoena** [Docket No. 44; Filed November 17, 2008] (the "Motion"). Plaintiff and Third-Party Defendant filed a Response in opposition to the Motion on December 1, 2008 [Docket No. 47], and Defendant filed a Reply on December 19, 2008 [Docket No. 53]. The Motion has been fully briefed and is ripe for resolution.

    The Motion, which was filed on November 17, 2008, seeks to quash a deposition subpoena issued to Robin Schiro and entry of a protective order preventing Plaintiff from deposing Ms. Schiro on November 18, 2008. In Defendant's Reply, it informs the Court that since the filing of the Response in opposition to the Motion, the parties have mutually agreed to conduct Ms. Schiro's deposition on January 19, 2009. *Reply* [#53] at 3.

Although the discovery dispute set forth in the Motion has largely been resolved by the filing of the Motion and the parties' later agreement to reset Ms. Schiro's deposition, Defendant seeks an order "to quash the deposition Subpoena issued to Robin Schiro and . . . a protective order forbidding the deposition from occurring on November 18, 2008." *Id.* at 4.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. Given Ms. Schiro's and counsel for Defendant's unavailability on the date noticed for Ms. Schiro's deposition, and Plaintiff's knowledge of such unavailability, Defendant's request is supported by good cause. The subpoena issued to Robin Schiro is quashed, and a protective order is entered, relating to the deposition of Ms. Schiro on November 18, 2008.[1]

IT IS FURTHER **ORDERED** that the deposition of Ms. Schiro shall be conducted on January 19, 2009, or at a date mutually agreeable to all parties, counsel, and the deponent.

IT IS FURTHER **ORDERED** that the parties shall bear their own costs associated with litigating the Motion. Although the Court could Order Plaintiff to pay Defendant's fees as a sanction pursuant to Fed. R. Civ. P. 37(a)(5), the Court finds that Defendant's conduct contributed to the dispute at issue in the Motion. Accordingly, the Court finds that justice would not be served by such a sanction considering that the parties could have, should have, and ultimately did, resolve the dispute without the Court's involvement.

Dated: December 30, 2008

                                              BY THE COURT:
                                              s/ Kristen L. Mix

---

[1] To the extent that the subpoena also requests documents, Defendant has informed the Court that it has already produced, or is in the process of producing, the relevant documents requested by the subpoena in sections 1-3 [Docket No. 44-12 at 2]. *Reply* [#53] at 3-4. Should Plaintiff desire additional documentation relevant to this litigation, it is free to issue a new subpoena or discovery request.

U.S. Magistrate Judge