IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01119-MSK-KLM

TONY'S TAP, LLC, d/b/a PAGOSA BREWING COMPANY, INC.,

    Plaintiff/Counterclaim Defendant,

v.

PS ENTERPRISES, INC., d/b/a PAGOSA PUB WORKS BREWPUB,

    Defendant/Counterclaimant,

v.

RICHARD ANTHONY SIMMONS, a/k/a TONY SIMMONS,

    Third-Party Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion for Leave to File First Amended Complaint** [Docket No. 59]; Filed March 19, 2009] ("Plaintiff's Motion") and **Defendant's Motion for Leave to File Second Amended Answer, Defenses, Counterclaims and Demand for Jury Trial** [Docket No. 73; Filed April 17, 2009] ("Defendant's Motion"). Having considered the parties' pleadings, the entire docket, and the relevant case law, the Court is sufficiently advised in the premises. Accordingly,

    IT IS HEREBY **ORDERED** that Plaintiff's Motion [#59] is **GRANTED**.

    IT IS HEREBY **ORDERED** that Defendant's Motion [#73] is **GRANTED**. My rulings on both Motions are explained below.

    This case involves alleged trademark infringement, unfair competition and deceptive

trade practices resulting from Defendant PS Enterprises, Inc.'s use of the name "Pagosa Pub Works Brewpub." *Complaint* [#1-5] at 1.  Plaintiff Tony's Taps, LLC, which operates under the trademarked name "Pagosa Brewing Company," contends that "Defendant's use of 'Pagosa Pub Works Brewpub' is likely to cause confusion, or to cause mistake, or to deceive." *Id.* at 3.  In Defendant's combined answer and counterclaim, Defendant contends that Plaintiff and Third-Party Defendant Richard Anthony Simmons violated the Colorado Consumer Protection Act ("CCPA") by securing the domain names of "pagosapubworks.com" and pagosapubworksbrewery.com" and directing internet traffic to Plaintiff's website. *Answer/Counterclaim* [#42] at 8.  Specifically, "[b]y virtue of re-directing website traffic to its own website, Plaintiff and Mr. Simmons knowingly pass off Plaintiff's goods and services as those of Defendant." *Id.*

Here, nearly a year after the original complaint was filed and more than six months after the original counterclaim was filed, Plaintiff and Defendant seek to amend their operative pleadings.  Because the deadline for amendment of pleadings expired in October 2008, the parties must provide good cause for their failure to timely move for amendment pursuant to Fed. R. Civ. P. 16(b).  After good cause has been shown, the parties must satisfy the Court that the proposed amendments are proper under these circumstances. The Court should grant leave to amend a complaint "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The parties' respective arguments on the merits of each Motion are as follows.

### I. Plaintiff's Motion

#### A. Good Cause

Plaintiff seeks leave to amend its complaint to add two additional Defendants, Frank and Robin Shiro (collectively, the "Shiros"), to its pending claims. Plaintiff seeks amendment on the basis of testimony derived from these individuals during their depositions on January 19 and 20, 2009. Specifically, "Plaintiff expects to demonstrate at trial that the Shiros, individually, jointly or in conjunction with, through, or on behalf of PS Enterprises, Inc., have orchestrated, and are responsible for, the underlying acts that formed the basis of PBS's initial Complaint." *Motion* [#59] at 3. Although Plaintiff delayed in seeking to amend its complaint for two months after it purportedly learned of new information during the Shiros' depositions, I find that Plaintiff has minimally provided good cause to extend the pleading amendment deadline. The Shiros' depositions did not occur until well after the pleading amendment deadline expired. The depositions were delayed by counsels' and deponents' schedules [Docket Nos. 44, 47 & 53], and the Court countenanced depositions set in January to accommodate those schedules [Docket No. 54]. Further, I note that Defendant does not argue that Plaintiff failed to provide good cause.

#### B. Leave to Amend

Defendant limits its argument on Plaintiff's Motion to the alleged futility of the proposed amendment to add the Shiros as Defendants. Defendant contends that "[a] proposed amendment to pierce the corporate veil is properly denied if it would be futile." *Response* [#72] at 2. Specifically, Defendant argues that Plaintiff's Motion should be

denied because the proposed amendment:

> (1) fail[s] to state facts sufficient to show an agency relationship between Ms. Shiro and PS Enterprises, Inc.; (2) fail[s] to show how (assuming for argument's sake only that Ms. Shiro is an agent of PS Enterprises, Inc.) Ms. Shiro is personally liable for her acts . . .; (3) fail[s] to provide any supporting authority for its hazy contention that Ms. Shiro is somehow individually liable "based upon her involvement in the business of an individual, independent of the corporate entity"; (4) fail[s] to show how or why Mr. Shiro – who is the president and sole member and stockholder of PS Enterprises, Inc. – should be held personally liable for any act he performed on behalf of the corporation; and (5) fail[s] to make a sufficient showing as to why the corporate veil should be pierced in this case.

*Id.* at 5.

In its Reply, Plaintiff argues that

> Defendant focuses solely–and myopically–on only the law applicable to piercing the corporate veil. However, as Plaintiff set out in its Motion, the basis for imposing personal liability upon Mr. and Mrs. Shiro is not limited to 'piercing the corporate veil' of the present corporate Defendant. Individual liability can also be imposed upon the actions of a particular defendant.

*Reply* [#76] at 2.

Considering the parties' arguments on the issue of futility, an amendment is futile only if it would not survive a motion to dismiss. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving him 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in his complaint." *Id.*

Although Defendant strenuously objects to the version of facts proposed by Plaintiff

and attempts to provide its own interpretation of the Shiro's deposition testimony, I find that at this stage of the proceedings it is not clear that Plaintiff's claims against the Shiro's would be futile. *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Further, it is not appropriate for the Court to weigh the facts and evidence at this stage and resolve any disputes between the parties. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). My sole function is to determine whether Plaintiff has provided a plausible basis for liability, accepting its version of the facts and potential evidence as true. Therefore, the Court will allow Plaintiff to amend its complaint to add Frank and Robin Shiro as Defendants, and will leave the question of whether it is entitled to relief against these Defendants to be decided on a fully-briefed dispositive motion, if any, or at trial.[1]

I am further persuaded by Plaintiff's representation, which is not refuted by Defendant, that no new discovery will need to be conducted if leave to amend is granted.[2] *See Motion* [#59] at 16. Considering that leave to amend should be freely given, the Court finds that allowing amendment would be in the interest of justice.

## II. Defendant's Motion

### A. Good Cause

---

[1] The Court expresses no opinion on the merits of any such motion.

[2] Although Defendant asks the Court to extend the dispositive motions deadline should Plaintiff's Motion be granted, it does so via its Response. *See Response* [#72] at 12. Requests for relief must be made by motion and should not be included in a response or reply. D.C. Colo. L. Civ. R. 7.1(C). However, the Court *sua sponte* finds that amendment of the dispositive motions deadlines is warranted.

Defendant seeks leave to amend its answer and counterclaim by adding "new supporting facts . . . [that] have been developed during discovery . . . [which will provide] specificity and particularity to the allegations supporting its CCPA counterclaim." *Defendant's Motion* [#73] at 2.  Defendant argues that good cause for amending the pleading amendment deadline is present because the additional facts it seeks to add were not derived from discovery until after the pleading amendment deadline expired.  As was the case for Plaintiff's Motion, I find that good cause has been provided for extending the pleading amendment deadline.  Similarly, I note that Plaintiff and Third-Party Defendant Simmons (referred to collectively in their Response as "Plaintiffs") do not argue that good cause has not been shown.

### B.     Leave to Amend

Plaintiffs limit their argument in opposition to Defendant's Motion to the alleged futility and untimeliness of the proposed amendment.  Considering Plaintiffs' untimeliness argument first, Plaintiffs contend that there is no reason the alleged facts Defendant seeks to add could not have been timely discovered.  *Response* [#79] at 5.  Although I give some credence to Plaintiffs' argument, I am persuaded by the absence of prejudice to Plaintiffs given that the amended counterclaim does not assert any new claims, but merely attempts to add clarity to the pending counterclaim.  Further, I note that Defendant contends, and Plaintiffs do not dispute, that no new discovery will need to be conducted on the basis of this amendment.  *See Defendant's Motion* [#73] at 2.

Considering Plaintiffs' futility argument next, to the extent that Plaintiffs support their position based upon the arguments at issue in their pending motion to dismiss [Docket No. 43], the Court makes several observations.  First, Plaintiffs do not explain their futility

position with sufficient detail in their Response and merely direct the Court to read the motion to dismiss.  *Response* [#79] at 3-4.  Second, the motion to dismiss has not been referred to this Court and is currently pending before the District Judge assigned to this matter.  Third, it is not appropriate for me to pass judgment on the merits of a position asserted in a pleading which is pending before another judge for ruling, and I decline to do so here.  Finally, as noted above, this issue is better dealt with on well-framed pleadings which set forth the actual legal basis for why the claim fails pursuant to Fed. R. Civ. P. 12(b)(6).  On the pleadings pending before me, such briefings have not been adequately made.

IT IS FURTHER **ORDERED** that the Court accepts Plaintiff's First Amended Complaint [Docket No. 59-10] for filing as of the date of this Order.  The case caption shall be amended accordingly.

IT IS FURTHER **ORDERED** that Plaintiff shall effect service of the Summons and First Amended Complaint on Defendants Frank and Robin Shiro on or before **May 29, 2009**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 15(a)(3), the Shiro Defendants shall answer or otherwise respond within ten (10) days of service of the First Amended Complaint, or a waiver thereof.  Given that the Court permits the filing of Plaintiff's First Amended Complaint,

IT IS FURTHER **ORDERED** that Defendant PS Enterprises, Inc. shall answer or otherwise respond to the First Amended Complaint within ten (10) days of the date of this Order.  Defendant's answer, if any, may include its amended counterclaim as set forth in

Docket No. 73-5.

    IT IS FURTHER **ORDERED** that the dispositive motions deadline is extended to **June 22, 2009**.

Dated:  May 19, 2009

                                        BY THE COURT:
                                        s/ Kristen L. Mix
                                        United States Magistrate Judge
                                        Kristen L. Mix