IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01119-MSK-KLM

TONY'S TAP, LLC, d/b/a PAGOSA BREWING COMPANY, INC.,

　　Plaintiff/Counterclaim Defendant,

v.

PS ENTERPRISES, INC., d/b/a PAGOSA PUB WORKS BREWPUB,

　　Defendant/Counterclaimant,

and

FRANK SHIRO, individually, and
ROBIN SHIRO, individually,

　　Defendants,

v.

RICHARD ANTHONY SIMMONS, a/k/a TONY SIMMONS,

　　Third-Party Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　This matter is before the Court on **Defendants' Motion to Amend Scheduling Order** [Docket No. 153; Filed April 1, 2010] (the "Motion"). Plaintiff responded [Docket No. 156; Filed April 12, 2010], Defendants replied [Docket No. 160; Filed April 20, 2010], and the Motion is now ripe for resolution.

　　In the Motion, Defendants request that the Court extend the deadline for dispositive motions. The dispositive motion deadline in this matter was May 4, 2009. *See* Docket No. 133. The schedule for a case "may be modified only for good cause and with the judge's

consent." Fed. R. Civ. P. 16(b)(4).  Because the Court finds that Defendants have not demonstrated that good cause exists for modifying the Scheduling Order, the Motion is **DENIED**.

The original Scheduling Order [Docket No. 22] in this matter was entered on August 13, 2008 and set February 25, 2009 as the deadline for discovery and March 15, 2009 as the deadline for the filing of dispositive motions.  Upon Plaintiff's request [Docket No. 55], the deadline for discovery was extended until April 10, 2009, and the deadline for the filing of dispositive motions was extended until May 4, 2009 by this Court's Order of March 25, 2009 [Docket No. 65].  In support of the instant Motion, Defendants state that despite the April 10, 2009 discovery deadline, the parties were still exchanging Rule 26(a)(1) disclosures as late as November 9, 2009.  Defendants contend that "the case cannot be reduced to its rational proportions without the pre-trial intervention of the Court." *Motion* [#153] at 3.  Defendants believe that Plaintiff's claim for trademark infringement and unfair competition should be decided by the Court on summary judgment, and that upon resolution of their motion for summary judgment as to those claims, settlement is likely. *Id.* at 4.  Defendants further maintain that thanks to the November 2009 Pretrial Order and the Court's orders of February 18, 2010, "[a] much more comprehensive view of the evidence is possible now than was possible in time to meet the May 4, 2009 deadline." *Reply* [#160] at 3.

Plaintiff opposes Defendants' request.  Plaintiff argues that Defendants' request is untimely.  Plaintiff maintains that Defendants' proposed motion for summary judgment is without merit and that Plaintiff would be "prejudiced by the added waste of time and fees" should the Court grant Defendants' request. *Response* [#156] at 5-6.

2

This Court has repeatedly emphasized the difference between inability to meet scheduling deadlines despite a party's diligent efforts and the inexcusable lack of such diligence. *See, e.g.*, *Cessar v. Dep't. of Corrs.*, No. 08-cv-00283-REB-KLM, 2009 WL 982151 at *3 (D.Colo. Apr. 13, 2009) ("Properly construed, good cause [to amend a scheduling order] means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension. Carelessness is not compatible with a finding of diligence and offers no reason for relief."); *Catholic Health Initiatives Co. v. Gross*, No. 06-01366-REB-BNB, 2007 WL 3232455, at *1 (D.Colo. Oct. 29, 2007) (emphasizing that the focus of the court's inquiry in evaluating request to amend scheduling order is the diligence of moving party's efforts to comply with existing deadlines).

Defendants note that the parties have exchanged discovery as late as November 9, 2009, but they do not explain how this additional discovery informs their request to amend the Scheduling Order. That is, Defendants do not indicate how newly discovered evidence has created a viable argument that Plaintiff's claims should fail as a matter of law. Even assuming, *arguendo*, that the November 2009 disclosures were necessary to such an argument, Defendants do not address the additional delay between November 2009 and their April 2010 request to extend the dispositive motions deadline. This case has been pending before this Court since May 27, 2008, when it was removed to this Court from Archuleta County District Court. *See* Docket No. 1. It was originally filed in state court in April of 2008. *See* State Court Complaint, Docket No. 1, attachment 3. Although Plaintiff amended its Complaint in May of 2009 to add as Defendants Frank and Robin Shiro, *see*

3

Docket Nos. 80 & 81, Defendants do not argue that the amendments gave rise to their request here; nor is it likely they could do so successfully. Furthermore, the parties' original dispositive motion deadline was self-imposed, and Defendants objected to the extension of the deadline granted in March of 2009 only because it considered the proposed amendment futile. *See* Docket No. 72. In sum, the Court concludes that Defendants have failed to demonstrate good cause for amendment of the deadline for the filing of dispositive motions because they have not given an adequate explanation of why they were unable to comply with the dispositive motions deadline despite diligent efforts to do so. *See* Fed. R. Civ. P. 16(b)(4).

Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Dated: April 21, 2010

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix