IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01119-MSK-KLM

TONY'S TAPS, LLC, d/b/a Pagosa Brewing Company, Inc.,

      Plaintiff,

v.

PS ENTERPRISES, INC., d/b/a Pagosa Pub Works Brewpub,
FRANK SCHIRO, and
ROBIN SCHIRO,

      Defendants,

and

PS ENTERPRISES, INC., d/b/a Pagosa Pub Works Brewpub,

      Counterclaimant/Crossclaim Plaintiff,

v.

TONY'S TAPS, LLC, d/b/a Pagosa Brewing Company, Inc.,

      Counterclaim Defendant, and

RICHARD ANTHONY SIMMONS, a/k/a Tony Simmons,

      Crossclaim Defendant.

_____

**OPINION AND ORDER DENYING COSTS AND ENTERING JUDGMENT**
_____

**THIS MATTER** comes before the Court *sua sponte*, upon the jury's verdict of May 6,

2011.  This Opinion sets forth the Court's reasoning for denying an award of costs to the

Plaintiff under Fed. R. Civ. P. 54(d)(1).

As relevant here, this case involved a dispute between the owners of two businesses in the small town of  Pagosa Springs, Colorado.   Heavily summarized, the evidence at trial established that the Plaintiff first began doing business as brewery under the name "Pagosa Brewing Company" in or about 2006, and later opened a restaurant under that same name.  The Plaintiff was particularly successful as a brewer, winning awards and recognition for its beers. The Defendants began operating a restaurant in or about 2008, under the name "Pagosa Pub Works Brewpub," in a location essentially across the street from the Plaintiff.  Defendants' business began as a restaurant/bar, and later included some on-site brewing of beer.

 The Plaintiff  asserted two claims under the Lanham Act: (i) trademark infringement of his mark, "Pagosa Brewing Company," in violation of 15 U.S.C. § 1114; and (ii) false advertising under 15 U.S.C. § 1125, in that the Defendants' early advertising of their business as a "brewpub" was false, insofar as the Defendants did not (at that time) brew their own beer, and that that false representation injured the Plaintiff's business.  The Defendants asserted a counterclaim under the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.*, alleging that the Plaintiff's registration of the internet domain name "pagosapubworks.com" and direction of traffic to that address to the Plaintiff's own website constituted a deceptive trade practice.

The claims were tried to a jury of 12 in May 2011. On May 6, 2011, the jury returned a verdict in favor of the Plaintiff on all claims.  Although the jury was instructed that it could award the Plaintiff both the actual damages it suffered and any net profits earned by the Defendants, the jury awarded the Plaintiff only $82.

Fed. R. Civ. P. 54(d)(1) provides that "costs– other than attorney's fees – should be allowed to the prevailing party."  This language <u>presumptively</u> entitles a prevailing party to an

award of costs, but the Court retains broad discretion to tailor an award of costs (or to deny costs

outright) to fit the particular circumstances of a case.  *See Barber v. T.D. Williamson, Inc.*, 254

F.3d 1223, 1233-35 (10th Cir. 2001).  Among the grounds that the 10th Circuit has recognized as

affecting the decision to award costs to a prevailing party are: (i) only partial success by the

prevailing party; (ii) obstructive or bad faith conduct by the prevailing party in the litigation; (iii)

recovery of only nominal damages by the prevailing party; (iv) indigence of the non-prevailing

party; and (v) where the issues in dispute were particularly close or difficult.  *See Cantrell v. Intl.

Brotherhood of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995).

        This Court finds that the circumstances of this case warrant a denial of costs to the

Plaintiff.  Most notably, the Court finds that the jury's award of damages can only be described

as "nominal." At trial, the Plaintiff requested that the jury award it, among other things: (i)

$150,000, reflecting profits lost by the Plaintiff due to the Defendants' conduct; (ii) attorney's

fees[1] incurred by the Plaintiff the amount of $ 170,000; (iii) unspecified amounts for unspecified

"corrective measures," apparently referring to modifications made by the Plaintiff to clarify or

distinguish its advertising; and (iv) as much as $ 500,000,[2] in the Defendant's profits.  The

---

        [1]The Defendants did not lodge any objection to the Plaintiff putting on evidence of the
fees it incurred and arguing to the jury that such fees should be awarded as an item of damages
by the jury, rather than an award that would be made at the Court's discretion, notwithstanding
15 U.S.C. § 1117(a) ("the court in exceptional cases may award reasonable attorney fees")
(emphasis added) and Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees . . . must be made
by motion unless the substantive law requires those fees to be proved at trial as an element of
damages").  Nevertheless, because the Plaintiff sought an award of its fees from the jury as
damages and the jury refused to make such an award, to the extent the Plaintiff would be
inclined to now seek an award of attorney's fees from the Court, the Court would be very
reluctant to grant such a request.

        [2]The record supporting this request is somewhat indirect.  The only evidence of the
Defendants' revenues is Exhibit 48, which reflects approximately $ 130,000 in gross sales by the

quantified damages requested by the Plaintiff totaled $820,000.  The jury's award of $82 thus

constitutes a recovery of only 0.01% of the amount sought by the Plaintiff.  Under these

circumstances, the Court finds that "nominal" is perhaps the most accurate label that can be

given to the jury's award of damages.[3]  In such circumstances, a denial of costs may be

appropriate.  *See Barber*, 254 F.3d at 1235 (court intimating, albeit in *dicta*, that denial of costs

might be appropriate where plaintiff awarded only nominal damages); *Cantrell*, 69 F.3d at 459,

*citing Richmond v. Southwire Co.*, 980 F.2d 518, 520 ("An award of costs may be reduced or

denied because the prevailing party obtained only a nominal victory, or because the taxable costs

of the litigation were disproportionate to the result achieved.  Plaintiffs' motion for costs in this

case suffers from both defects").

      The Court has considered the notion that injunctive, not monetary, relief was the true

---

Defendants between April 7, 2008 and January 15, 2009.  In its closing argument, the Plaintiff "extrapolated" this figure to account for the entire time period at issue, estimating the extrapolated figure to be "over $ 500,000 for gross revenue."  Then, noting that the burden shifted to the Defendants to prove operating expenses that should be deducted from gross revenues to yield a profit figure, the Plaintiff argued that various defects in the Defendants' documentary evidence of their operating expenses warranted the jury "disregard[ing] that document [showing expenses]" and deeming the entire gross revenue figure to be "the damages [that] need to be awarded to Mr. Simmons."

[3]Were the Court to attempt to forensically determine the source of the jury's damage award, it would speculate that the jury relied on the only concrete instances of demonstrable injury to the Plaintiff in the record. On three occasions, the Plaintiff honored coupons, issued by the Defendants that were mistakenly presented by customers to the Plaintiff.  Specifically, Exhibit 66 showed the Plaintiff honoring a gift certificate issued by the Defendant in full satisfaction of a bill in the amount of $ 26.40.  Exhibit 131 shows the Plaintiff giving a $ 3.50 credit off a customer's bill pursuant to a coupon by the Defendant for 20% off the cost of an appetizer.  Exhibit 132 is a coupon for a "free beer," accompanied by a credit card receipt showing a customer spending an unitemized total of $ 51.31 on a meal.  In addition, there was evidence that the Plaintiff provided several free beers as an accommodation to certain customers who mistakenly presented promotional cups from the Defendants' business.

motivation behind the Plaintiff's suit; in other words, that regardless of the jury's award of damages, the true measure of success would lie in obtaining an injunction forcing the Defendants to change their business name or otherwise cease infringement.  Even if the Court were to attempt to measure the Plaintiff's success via this alternative yardstick, the fact remains that the Plaintiff has not actually requested any such injunction.  Indeed, after receiving the verdict and discharging the jury, the Court inquired of the parties whether they had any additional matters to take up.  The Plaintiff advised that it intended to seek costs and attorney's fees, but made no mention of a request for entry of any injunctive relief.  Moreover, the Court has purposefully delayed entry of the judgment in this case for two full weeks from the date of the jury's verdict, anticipating the possibility that the Plaintiff would instead seek injunctive relief via written motion.  To date, no such request has been made.[4]  Under the circumstances, the Court assumes that the Plaintiff does not intend to request permanent injunctive relief, leaving the jury's award of damages as the only measure of the Plaintiff's success in this case.  Such success is, at best, considered only "partial," further warranting a denial of costs.

Simply put, the jury's verdict reflects the considered opinion of twelve members of the community that this litigation lacked the significance accorded to it by the parties.  Whether the verdict is characterized as "nominal" or a "partial" – *i.e.* a somewhat hollow – success for the Plaintiff, the Court finds that an award of costs would, very likely, greatly exceed the verdict

---

[4]Any suggestion that injunctive relief, rather than an award of damages, was the Plaintiff's primary goal in this action is further undercut by the Plaintiff's decision to seek a jury trial (a proceeding more associated with claims for damages) instead of a bench trial (a proceeding more suitable when primarily injunctive relief is sought).  Indeed, a bench trial would likely have vastly reduced, if not entirely eliminated, a substantial portion of anticipated costs, such as juror exhibit books and the like.

amount.  Given the jury's assessment that this case was of limited – almost *de minimis* – value, an award of significant costs to the Plaintiff in these circumstances would be unjust.

Accordingly, the Court exercises its discretion to deny an award of costs and contemporaneously  with this Order, enters judgment in favor of the Plaintiff in the amount of $82.

Dated this 20th day of May, 2011

BY THE COURT:

Marcia S. Krieger
United States District Judge

6