**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01119-MSK-KLM

TONY'S TAPS, LLC, d/b/a Pagosa Brewing Company, Inc.,

    **Plaintiff**,

v.

PS ENTERPRISES, INC., d/b/a Pagosa Pub Works Brewpub,
FRANK SCHIRO, and
ROBIN SCHIRO,

    **Defendants**,

and

PS ENTERPRISES, INC., d/b/a Pagosa Pub Works Brewpub,

    **Counterclaimant/Crossclaim Plaintiff,**

v.

TONY'S TAPS, LLC, d/b/a Pagosa Brewing Company, Inc.,

    **Counterclaim Defendant,** and

RICHARD ANTHONY SIMMONS, a/k/a Tony Simmons,

    **Crossclaim Defendant.**

_____

**DEFENDANTS' RESPONSE AND OBJECTION TO**
**PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION**
_____

    PS ENTERPRISES, INC., d/b/a Pagosa Pub Works Brewpub, and Frank and Robin Schiro ("Defendants") respond and object to Plaintiff's Motion for Permanent Injunction as follows:

1. It is Defendant's position that Plaintiff failed to preserve their forgone injunction request, waiving the same. Specifically, the Court inquired at trial "whether [the parties] had any additional matters to take up," and Plaintiff "advised it intended to seek costs and attorney's fees, but made no mention of a request for entry of any injunctive relief." (Docket #217, p. 5 of 6) See **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir.1987) for the legal proposition that the "intentional relinquishment or abandonment of a know right or privilege" constitutes waiver.

2. Regardless, in order to qualify for a permanent injunction, Plaintiff "must succeed on the merits of his claim, and must be threatened with irreparable injury." **Standard Oil Co. of N.M. v. Standard Oil Co. Of Cal.**, 56 F.2d 973 (10th Cir.1932) Plaintiff hardly succeed on the merits of their case in that the Court failed to award costs. See **True Temper Corp. v. CF & I Steel Corp.**, 601 F.2d 495 (10th Cir.1979) for the holding that there is a presumption that the prevailing party shall recover costs.

3. Plaintiff conveniently forgets that it seeks this Court's equity with unclean hands in that Plaintiff purchased the domain name of its competitor. The said doctrine "prohibits a wrongdoer from enjoying the fruits of his transgression that in some measure affect the equitable relations between the parties..." **Cartel Asset Management v. OCWEN Financial Corporation**, 2010 WL 3522404 (D.Colo.).

  WHEREFORE, Defendants respectfully request this Court deny Plaintiff's Motion for Permanent Injunction.

  DATED THIS 21st day of June, 2011.

Respectfully submitted,

/s/ LAWRENCE PURVIS
**LAWRENCE PURVIS,** OBA #17739
Post Office Box 229
Edmond, Oklahoma 73083
Telephone:    405 605 1208
Facsimile:     405 509 2892
lawpurvis@cox.net
Attorney for PS Enterprises, Inc.,
 & Frank and Robin Schiro

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 21st day of June, 2011, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the following recipients *via* e-mail as follows:

Kenton Lee Freudenberg
Freudenberg & Associates
PO Box 841
Durango, Colorado 81302
freudlaw@aol.com
Attorney for Plaintiff

Reid B. Kelly
Kelly Law Firm, LLC
4440 N. Pagosa Blvd.
Pagosa Springs, Colorado 81147-8411
reid@frontier.net
Attorney for Plaintiff

/s/LAWRENCE PURVIS
**LAWRENCE PURVIS**